## LEE and CASEY, *vs.* WHITE, adm'r.*

1. Where a vendee of real estate, who purchases at an administrator's sale, relinquishes part of the lands purchased under an act of Congress, and receives for the balance, a certificate of final payment in his own name, which is about being followed by a grant—he cannot resist the recovery of the amount of a note given to the administrator for such lands, by alleging any irregularities in the proceedings of the administrator, in effecting the sale.

This was an action of assumpsit, upon a promissory note executed by the plaintiffs in error, to White and Leslie, administrators of all and singular the goods and chattels, rights and credits which were of Edmund Lane deceased. In defence to the action, the defendants plead *non assumpsit*, payment, set off, and failure of, and want of consideration: to which there were replication and issue.

On the trial, the plaintiff having produced the note in evidence, the defendants offered proof that it had been executed in consideration of a tract of land, belonging to the estate of Edmund Lane, of whom the plaintiff was the surviving administrator; that the land had been sold to satisfy debts, under an order and decree of the county Court; and to this end offered in testimony, the petition of the administrator, and the order of the Court.

The petition and order thus produced did not show, whether the heirs interested in said estate were *minors, femes covert,* or *of full age ;* nor what notice had been given to them: nor could any return, fur-

* Vide a full report of the grounds of defence relied on in this case, in that of Wiley and Gayle *vs.* White and Lesley.—3d Stewart & Porter page 355.

ther order, or bond be found touching said sale, by the said administrator.    The plaintiff proved, that at the time the decree for sale of the lands was rendered, great carelessness existed in respect to the office of the orphan's Court: but he did not prove that any of the requisites of the law, in such case, had been complied with.    He, however, proved, that the defendant, Lee, who purchased the land, had relinquished one half thereof, to the General Government, under an act of Congress; and applied the part relinquished to the payment of that half reserved.— That a final certificate had issued therefor, in his own name; and that it had been duly forwarded to the general land office, for a grant.    It was also in proof, that the defendant, Lee, was in possession, and had been, from the time of the sale.

The Court charged the jury, that in the sale of real estate, to render a failure of title, a defence against a promissory note, the failure of title should be total: that if the jury believed the defendant would receive a patent for the said land, there was not a total failure of title; and it could not be enquired into in this suit—whether the title of the heirs of Lane were divested or not.

This charge being excepted to, and a verdict rendered for the plaintiff, a writ of error removed the cause here.

*Hopkins* and *Ellis*, for the defendant in error.— It is admitted by the defendant in error, that if this case falls within the principles of the case of *Wiley* and *Gayle* vs. *White* and *Lesley*, decided at the last term, then the judgment must be reversed.    But it

is conceived, that a very different question is presented, which will fully appear by a slight examination of the facts.

From the bill of exceptions it seems, that the plaintiff in the Court below proved, by the register of the land office, that the defendant, Lee, had, in 1828, relinquished one of the half quarters of land purchased, (and for which the note was given) and applied the part relinquished to the payment of the half reserved. And that a final certificate had been forwarded to the general land office, for a patent, but that the time for receiving the patent had not yet arrived; the uninterrupted possession of Lee, was also admitted. What is the question then presented? It is, whether there has been a total failure of consideration; or, in other words, a total failure of title.

The Court charged the jury, that in the sale of real estate, to make a failure of title a defence on (to) a promissory note, the failure of title must be total. This is clearly the general principle, as settled in this Court, in the case of *Wilson* vs. *Jordan*—where it is said, that if there be no fraud, and the purchaser is not evicted, he cannot resist the payment of the purchase money, on account of defects in the title. But in this case, it does not appear, that there were even defects in the title. No rights ever vested in the heirs of Lane. The land was purchased under the credit system; the certificate passed into the hands of the administrators; and a transfer was made to Lee; (such a one as was recognized by the Register,) and such as entitled Lee to a patent from the General Government. And there can be no question, but that Lee did obtain a patent for the half

quarter reserved—this question having been (properly) submitted by the Judge to the jury, and they having found the fact affirmatively, by rendering a verdict for the plaintiff.

As to the point, whether the title of the heirs of Lane was divested, and which the Court determined, could not be enquired into, in the suit at law. The Court certainly decided correctly in this—it was a question which did not and could not arise, in the suit at law. For the facts show, not only that they did not have any title; but that the title had vested or would certainly vest in Lee, the defendant.

Lee, then, has the legal title, and is in possession—how is he to be injured, by being compelled to pay the purchase money. Suppose the heirs of Lane were to file their bill against Lee, to compel a conveyance, "on the ground of the irregularity in the County Court," he would meet them, by saying, although the proceeding in the County Court was irregular, yet, you never had any title to the land, and therefore can not be prejudiced. I obtained my patent, under the certificate.—I paid a valuable consideration for the land—and the money which was paid, went to the discharge of debts, for which the land would have been subject, in your hands, even supposing that you were the true owners.

Under such circumstances, it seems that a Court of Chancery would never interfere, to disturb the legal title of the purchaser.—See Minor, 165; 1 Stewart, 490; 2 Wheat. 13; *Wilson* vs. *Jordan*, 3 Stewart & Porter, 92.

Another view of the subject : Lee, by his voluntary act of relinquishing, has placed one half quarter beyond the reach, not only of the representatives of

Lane, but himself, and all other persons, except those who may again derive title from the government, under a new contract.

TAYLOR, J.—There is an important distinction, between this case, and that of *Wiley and Gayle* vs. *White,* decided at the last term of this Court. In that case, no title had vested in the purchasers, by the proceedings of the representatives of Lane : in this, Lee, the purchaser, has, by virtue of the act of Congress, relinquished one half of the quarter section of land, paid the United States for the other half, and obtained a final certificate for it, in his own name; which has been forwarded to the general land office, that a grant may issue in conformity therewith ; and he has always, from the time of the purchase, held possession of the premises. He stands in the same situation as if he actually had a grant from the general government.

But it may be replied, that this only places him in the situation of a trustee for the benefit of the heirs. He certainly would be so considered by Chancery, if, in equity and good conscience, he ought to be: but that Court would afford him full justice—and, if the representative of Lane should honestly appropriate the money recovered from Lee, (and we can not presume he would not,) would never decree in favor of the heirs, without securing Lee, in what he had paid.

But this Court is not authorised to enter into this hypothetical inquiry of what a Court of Chancery might do, to determine on the validity of a defence. Lee has obtained a valid legal title—he is sued at

LEE and CASEY *vs.* WHITE, adm'r.

law, for the purchase money : if a Court of Chancery may, hereafter, be appealed to, we are not authorised to anticipate its decision, and to frame the judgment of this Court, by it; but we will leave it to that Court, should it ever be resorted to, to settle the whole controversy between the parties.

The judgment must be affirmed.

SAFFOLD, J., not sitting.